1  STEVEN H. ROSENBAUM
   Chief
2  TIMOTHY J. MORAN
   Deputy Chief
3  JULIE J. ALLEN
   R. TAMAR HAGLER
4  Calif. Bar No. 189441
   CHRISTOPHER J. FREGIATO
5  JENNIFER L. MARANZANO
   LUCY G. CARLSON
6  ANDREA K. STEINACKER
   Attorneys
7  Housing & Civil Enforcement Section
   Civil Rights Division
8  United States Department of Justice
   950 Pennsylvania Ave., N.W.–G Street
9  Washington, D.C. 20530
   Tel:   (202) 307-6275
10 Fax:   (202)514-1116
   Email: julie.allen@usdoj.gov
11        tamar.hagler@usdoj.gov
          christopher.fregiato@usdoj.gov
12        jennifer.maranzano@usdoj.gov
          lucy.carlson@usdoj.gov
13        andrea.steinacker@usdoj.gov

14 Attorneys for Plaintiff United States of America

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>v.<br><br>DONALD STERLING, individually, in his capacity as trustee for the Sterling Family Trust, and doing business as Beverly Hills Properties; ROCHELLE STERLING, individually and in her capacity as trustee for the Sterling Family Trust; STERLING FAMILY TRUST; and THE KOREAN LAND COMPANY, L.L.C.,<br>      Defendants. | **REVISED [~~PROPOSED~~] DISBURSEMENT ORDER**<br><br>Case Nos.: 06-4885 DSF (Ex);<br>06-7442 DSF (Ex); and<br>07-7234 DSF (Ex)<br><br>Judge:   Hon. Dale S. Fischer<br>United Stated District Judge<br>(Courtroom 840) |

| | |
|---|---|
| 1<br>2<br>3<br>4 | KEVIN TYRRELL; KAREN HARRIS-TYRRELL; A.H.T., minor, and E.H.T., minor, each by their guardian ad litem KAREN HARRIS-TYRRELL,<br>    Plaintiffs, |
| 5 | v. |
| 6<br>7<br>8<br>9<br>10<br>11<br>12 | DONALD STERLING, individually, in his capacity as trustee for the Sterling Family Trust, and doing business as Beverly Hills Properties; ROCHELLE STERLING, individually and in her capacity as trustee for the Sterling Family Trust; STERLING FAMILY TRUST; and THE KOREAN LAND COMPANY, L.L.C.,<br>    Defendants. |
| 13<br>14<br>15<br>16 | DARRELL RHODES; MARY RHODES; J.R., minor, M.R., minor, and D.R., minor, each by their guardian ad litem DARRELL RHODES,<br>    Plaintiffs, |
| 17 | v. |
| 18<br>19<br>20<br>21<br>22<br>23<br>24<br>25 | DONALD STERLING, individually, in his capacity as trustee for the Sterling Family Trust, and doing business as Beverly Hills Properties; ROCHELLE STERLING, individually and in her capacity as trustee for the Sterling Family Trust; STERLING FAMILY TRUST; and THE KOREAN LAND COMPANY, L.L.C., and DOES 1 THROUGH 10,<br>    Defendants. |
| 26 | |
| 27 | |
| 28 | |

1. The United States presents this Revised Disbursement Order in response to the Minute Order entered by the Court on February 18, 2010. In that Order the Court stated that "[i]f counsel for the government deems it appropriate, and if no named plaintiff objects, the government may seek disbursement of funds that will not be impacted by potential disbursements to the named plaintiffs." Counsel for the Kevin Tyrrell and Karen Harris-Tyrrell, individually and as guardian ad litem for her minor children, and counsel for Mary Rhodes and Darrell Rhodes, individually and as guardian ad litem for his minor children, have indicated that their clients will not object to this Revised Disbursement Order. Because alternative guardians have not yet been appointed pursuant to the Court's minute order (doc. 142), counsel for the named plaintiffs have not consulted with the guardians ad litem who may be appointed on behalf of the named minor plaintiffs regarding the Revised Disbursement Order.

2. The Court entered a Consent Order in this case on November 12, 2009, resolving the lawsuits of the United States and other plaintiffs alleging that Defendants violated the Fair Housing Act, 42 U.S.C. §§ 3601, et seq.

3. Paragraph 33 of the Consent Order requires the United States to submit a Disbursement Order that "shall set forth the amounts to be paid to plaintiffs in these Actions and to other allegedly Aggrieved Persons identified in the Disbursement Order."

4. Paragraph 33 of the Consent Order provides that "Defendants shall not have any

3

right to object to the terms of the Disbursement Order."

5. In accordance with the Court's Minute Order of February 18, 2010, this Revised Disbursement Order does not include amounts to be disbursed to (a) Kevin Tyrrell and Karen Harris-Tyrrell, a married couple, who filed a complaint on behalf of themselves and their two minor children ('Tyrrell Plaintiffs') (Case No. 06-7442 DSF (Ex)), and (b) Darrell Rhodes and his mother, Mary Rhodes, who filed a complaint on behalf of themselves and Darrell's three minor children ('Rhodes Plaintiffs') (Case No. 07-7234 DSF (Ex)). The United States believes that the amounts proposed to be paid to the Tyrrell Plaintiffs, the Rhodes Plaintiffs, and their respective counsel that appeared in the Proposed Disbursement Order filed by the United States on January 26, 2010, are appropriate.

6. <u>Aggrieved Persons</u>: Below are listed the aggrieved persons identified by the United States as having suffered damages as a result of Defendants' alleged discriminatory conduct ('Aggrieved Persons'). Each of the Aggrieved Persons was identified by the United States in the course of discovery in *United States v. Sterling, et al.*, and each was included in the initial or supplemental disclosures of the United States. All but two of the Aggrieved Persons were deposed in the course of discovery and testified regarding their damages as a result of Defendants' alleged discriminatory conduct. Angel and Diana Montiel were not deposed, but their parents, Antonio Montiel and Zoyla Cajina, were deposed and

4

testified regarding their damages as a result of Defendants' alleged discriminatory conduct. Each of the Aggrieved Persons is over the age of 18. In determining the amounts to be awarded to each Aggrieved Person, the United States took into account the nature and severity of Defendants' conduct toward them and the effect of Defendants' actions on the Aggrieved Persons. Below the Aggrieved Persons are grouped by household, in descending order of total award to each household or individual.

Montiel/Cajina Family
| | |
|---|---|
| Zoyla Cajina | $30,000 |
| Antonio Montiel | $30,000 |
| Diana Montiel | $30,000 |
| Angel Montiel | $30,000 |

Gomez Family
| | |
|---|---|
| Elmer Gomez | $75,000 |
| Sonia Gomez | $75,000 |

McDaniel Family
| | |
|---|---|
| Kelly McDaniel | $75,000 |
| Piper McDaniel | $75,000 |

Aguero/Villagran Family
| | |
|---|---|
| Carlos Aguero | $60,000 |
| Alejandra Villagran | $60,000 |

Charrada Family
| | |
|---|---|
| Ons Charrada | $60,000 |
| Pilar Charrada | $60,000 |

Pacheco Family
| | |
|---|---|
| Abel Pacheco | $60,000 |
| Claudia Pacheco | $60,000 |

5

|  |  |
|---|---|
| Bernal/Moreno Family | |
| Charline Bernal | $20,000 |
| Wesley Bernal | $20,000 |
| Ricardo Bernal | $20,000 |
| Martha Moreno | $20,000 |
| | |
| Martinez/Santos Family | |
| Constantino Martinez | $40,000 |
| Juana Santos | $40,000 |
| | |
| Rocio Amezcua | $60,000 |
| | |
| Maira Oliva | $60,000 |
| | |
| Lucy Quevedo | $60,000 |
| | |
| Gomez/Santizo Family | |
| Josue Luis Gomez Samiyoa | $22,000 |
| Iczel Santizo | $22,000 |
| | |
| Pivaral/Godoy Family | |
| Dora Godoy | $22,000 |
| Cesar Pivaral | $22,000 |
| | |
| Jose Luis Martinez | $40,000 |
| | |
| Corrine McLaurin | $40,000 |
| | |
| Ronald Sexton | $22,000 |

7. In addition to the amounts proposed for the Tyrrell Plaintiffs and the Rhodes Plaintiffs, the amount of $40,000 is not accounted for above. In accordance with the terms of the Consent Order, that unaccounted amount shall be used to pay the fees and expenses of the Fund Administrator and any other costs associated with disbursement and winding down the fund, including but not limited to preparing

6

tax documents on behalf of the Fund.  Any remainder shall be distributed as provided in Paragraph 37 of the Consent Order:

> the remainder shall be distributed consistent with the terms of the Disbursement Order to a qualified organization(s) mutually agreed upon by the United States and Defendants, subject to the approval of the Court, for the purpose of conducting fair housing enforcement or educational activities in Los Angeles County, with a particular focus on the City of Los Angeles.

8. The United States and Defendants have selected the Housing Rights Center in Los Angeles to receive any funds remaining after the fees of the Fund Administrator and any other expenses of the Fund have been paid.  The Court approves this selection.

9. The Fund Administrator is hereby ordered to make the payments to the aggrieved persons listed in paragraph 6 of this Order.  For each payment amount set out in paragraph 6, the Fund Administrator shall also pay a proportionate share of the interest the funds have accrued while held by the Fund Administrator.  The Fund Administrator is also ordered to make any payment required by paragraphs 7 and 8 of this Order.  The Fund Administrator shall make all payments in accordance with paragraphs 32 through 38 of the Consent Order entered by this Court on November 12, 2009.

1
2
3 **ORDERED** this <u>2nd</u> day of <u>March</u>, 2010:
4
5 _____*Dale S. Fischer*_____
6 HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8